## Alexander M. Bruen *et al.*,
### *v.*
## Herman Bruen *et al.*

1. CHANCERY—*opening a decree.* When a defendant in chancery who has only had notice of the suit by publication, and against whom a decree has been rendered, petitions the court, under the fifteenth section of the chancery act, to be heard touching the matter of such decree, and also has given notice of such proceedings to the opposite party, it is not error for the court to set aside such decree, where, after such notice and petition filed, the defendant files his answer and also a cross bill, and decree is rendered upon the cross bill by default against the complainants in the original bill.

2. NOTICE—*whether necessary.* In such case, by the terms of the statute, notice is not required to be given to the opposite party, that a petition will be presented; but this court is of the opinion, that notice should be given before setting aside the original decree, the only condition being, the payment of costs.

3. SAME—*time when notice should be given.* The time when such notice should be given is not material, so that the opposite party has it, before the court acts in the matter. The petition may be first filed, and notice given afterward.

4. VENUE—*change of on motion of court.* In such case, after petition filed, and the defendant has answered, it was not error for the court, on its own motion, to change the venue to another circuit, he having been counsel in the cause. And the court to which the cause is sent thereby obtains complete jurisdiction over the persons of the plaintiffs to the original suit.

WRIT OF ERROR to the Circuit Court of Grundy county.

This was a suit in chancery instituted by Alexander M. Bruen and Louisa J. Bruen, in the Circuit Court of La Salle county, against Philo Lindley and Herman Bruen, to set aside and cancel a certain deed for lands, which Herman Bruen had caused to be put upon record, by Lindley, the recorder. Lindley had no interest in the subject matter of the suit. A decree was taken by default, and afterward the defendant Bruen filed his petition to open the same, and for leave to answer, which was granted; whereupon, the court changed the venue to the Circuit Court of Grundy county, on its own motion, having been counsel in the case. The further facts in the case are stated in the opinion.

Messrs. LELAND & BLANCHARD, for the plaintiffs in error.

Mr. GEORGE C. CAMPBELL, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only points made in this case are, that the decree was improperly opened, and that the Circuit Court of Grundy county did not obtain jurisdiction of the persons of Alexander M. Bruen and Louisa J. Bruen.

It appears, that, on the fifteenth of November, 1853, in the Circuit Court of La Salle county, a decree, by default, was rendered in favor of Alexander M. Bruen, and against Philo Lindley, who was duly served with a subpoena, and Herman Bruen, a non-resident, against whom a notice was published.

The object of the bill, on which the decree was rendered, was to set aside and cancel a certain deed for lands which Herman Bruen, the grantee therein, had caused to be put on record by Lindley, the recorder. Bruen was the only party interested in the subject matter of the decree.

On the first of November, 1855, Herman Bruen served a notice upon Alexander and Louisa J. Bruen, accompanied by his petition, that he would, at the November Term, 1855, or as soon thereafter as counsel could be heard, apply to have the above decree set aside, and for leave to answer.

The petition presented a history of the case, and alleged, that the decree was unjust, and rendered in his absence without service of process, or of a copy of the bill, and without his knowledge, and that he knew nothing about it until in September, 1855.

The petition was not filed until the May Term, 1856, whereupon, on motion of Herman Bruen, the decree against him was opened, and leave given to answer, and an answer filed, when the judge of the La Salle Circuit Court, on his own motion, changed the venue to Grundy county, he having been of counsel in the cause.

In January, 1857, a notice was served upon A. M. Bruen and Louisa J. Bruen, reciting the fact, that the first decree had been opened, at the May Term, 1856, of the La Salle Circuit Court, that an answer had been filed then, and the venue changed to Grundy county, and that, at the March Term of that Court, a motion would be made that they file a replication to the answer, and in May, 1857, a similar notice was served on them.

In June, 1857, leave was given Herman Bruen to file a cross-bill, which was filed in October, 1857, and in February, 1859, on leave granted, an amended cross-bill was filed. Notice of the pendency of this cross-bill was given by publication, and the defendants, A. M. and Louisa J. Bruen, defaulted, and the bill was taken for confessed, and the cause referred to the master in chancery to take proofs.

Section fifteen of the Chancery Code, under which the proceeding originated, is as follows : " When any final decree shall be entered against any defendant who shall not have been summoned or notified to appear as required by this chapter, and such person, his heirs, devisees, executors, administrators, or other legal representatives, as the case may require, shall, within one year after notice in writing, given him or them of such decree, or within three years after such decree, if no such notice shall have been given as aforesaid, appear in open court and petition to be heard, touching the matter of such decree, and shall pay such costs as the court shall deem reasonable in that behalf; the person so petitioning may appear and answer

the complainant's bill, and, thereupon, such proceedings shall be had as if the defendant had appeared in due season and no decree had been made. The decree shall, after three years from the making thereof, if not set aside in manner aforesaid, be deemed and adjudged confirmed against such non-resident defendant and all persons claiming under him, by virtue of any act done subsequent to the commencement of such suit; and at the end of the said three years, the court may make such further order in the premises as shall be required, and shall be just." Scates' Comp. 140.

It is apparent from the terms of this section, that no notice is required to be given to the party obtaining the decree, that a petition will be presented, the only condition appearing to be, the payment of such costs as the court may deem reasonable in that behalf. On general principles, however, we are inclined to think, notice should be given in every case before the rights of a party can be taken away. The time when the notice should be given is not material, so that the opposite party has it before the court acts. The petition may be first filed and then notice given afterward.

This, we think, was substantially done in this case. The La Salle Circuit Court did no more than to allow the answer to be filed, and then, very properly, having been of counsel in the cause for the complainants, directed a change of venue. The original decree was not set aside, as the record shows, until after the final decree on the cross-bill, of the pendency of which, the complainants in the original bill, and plaintiffs in error here, had due and legal notice by publication.

We are, therefore, of opinion that the decree was properly opened to let in the answer, and that the Circuit Court of Grundy county had complete jurisdiction of the persons of plaintiffs in error, by the change of venue on the motion of the court for the reason given.

This being the only point made, the decree must be affirmed.

*Decree affirmed.*