ATLANTIC COUNTY ORPHANS COURT.

IN THE MATTER OF THE ESTATE OF ANNIE E. WAGNER, DECEASED, WHO DIED TESTATE.

Decided October 29, 1936.

For the petitioner, *Clevenger & Clevenger*.

For the respondents, *William Charlton*.

WARKE, JUDGE. This is the return of a rule to show cause why the order allowing Thomas B. Wootton, John R. Chism and Robert M. Johnston, administrators with the will annexed of Mary A. Wootton, deceased, to institute a suit on the refunding bonds on file in the Annie E. Wagner Estate, one of which was the refunding bond of this petitioner's testator, William R. Layton, granted July 28th, 1936, should not be set aside, annulled and revoked.

Annie E. Wagner died April 26th, 1926. A rule barring creditors was entered in her estate of November 8th, 1926. All debts which were presented to the executor, having been paid, the estate was distributed to the legatees and their releases and refunding bonds taken and filed and recorded in the office of the surrogate of Atlantic county, on or about August 22d, 1927. Thomas B. Wootton, John R. Chism and Robert M. Johnston, administrators *cum testamento annexo* of Mary A. Wootton, deceased, now claim to be a creditor of the

estate of Annie E. Wagner by reason of a deficiency arising on the foreclosure of a mortgage. No claim was ever presented by the said Mary A. Wootton, or by any one in her behalf, or in behalf of her estate. A suit was started in behalf of the estate of Mary A. Wootton in the Court of Chancery of the State of New Jersey to recover from the legatees of Annie E. Wagner for the amount of the said deficiency, and on the ruling of the vice-chancellor that a suit could not be instituted against the legatees of Annie E. Wagner until an order permitting suit on the refunding bond had been allowed by the Orphans' Court, the complainants applied for and received the order now in question.

The order was granted on the application of the administrators with the will annexed of Mary A. Wootton, deceased, without any notice thereof being given to this petitioner. The petitioner contends that he should have been given notice of the application and an opportunity to present his arguments against the allowance of the order.

The application for the order was made in accordance with section 78 of the Orphans Court act (3 *Comp. Stat., p.* 3837), which provides, *inter alia,* that "any creditor, who may be barred by virtue of any decree of limitation, may by order of the Orphans Court, bring suit on such refunding bond in the name of the executor, &c." The statute does not require that such creditor give notice of his intention to apply for such order to the defendant thereto. This petitioner contends that such notice ought to be given notwithstanding the fact that the statute does not require it.

There seems to be no argument as to the rule of law invoked by the petitioner here, nor of the eminent fitness and propriety of such rule. The argument is as to the correctness of applying it in this situation.

The rule is "that when an act is to be done by a court or other authority which is especially to affect a particular individual, reasonable notice should be given to him so that he may appear and be heard if he thinks proper." *Hudson County* v. *State,* 24 *N. J. L.* 718. Otherwise stated, the law is that no man shall be deprived of his rights without an opportunity of being heard. It is also true that the fact that

the state does not require notice to be given, does not change this principle.

The decisive feature of any considerate such as this, is "are any rights to be adjudicated either finally or otherwise in the contemplated proceedings? If they are, notice should be given. If not, such a notice is unnecessary.

It seems to me that the order for leave to sue does not dispose of any rights of the parties. I think counsel for the respondent here correctly pronounces the intention of the legislature in requiring such order by his explanation that a creditor who has not been barred, must prosecute his claim against the decedant's estate in the Orphans Court against the executor or administrator, and may not proceed directly against devisees or legatees of the decedent, and such a creditor is therefore required to demonstrate to the Orphans Court that he has in fact been barred and obtain its leave to seek his recovery in some other tribunal. I, at least fail to appreciate any other reason for the requirement of the order. His rights and the rights of those whom he seeks to sue are not triable, not to be tried by the Orphans Court, but in the tribunal proper to such litigation.

To hold otherwise would be to require defendants in such cases to make their defense twice, first in the Orphans Court upon the application for the order for leave to sue, and secondly in the trial court. Certainly this was not contemplated. All that the act was designed for was to have the creditor qualify as one entitled to sue, having been barred from proceeding against the executor. That he is not so barred would be the only tenable objection to granting the order, and whether he is or not is always a matter of record.

I am for these reasons of the opinion that notice of the application for leave to sue was not a prerequisite to the granting of the order, that this petitioner was not entitled to such notice and this petition to vacate that order is therefore denied.