(No. 27949.—

COMMISSIONERS OF B. M. LEWIS UNION DRAINAGE DIS-
TRICT NO. 1, *vs.* ALICE K. MELVILLE *et al.*, Appellants.
—(JOHN MARSHALL *et al.*, Appellees.)

*Opinion filed Nov. 22, 1944—Rehearing denied Jan. 15, 1945.*

JOHN H. BECKERS, of Kankakee, for appellants.

WAYNE H. DYER, of Kankakee, for appellee B. M. Lewis Union Drainage District No. 1; EVA L. MINOR, of Kankakee, for other appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

The B. M. Lewis Drainage District No. 1 in Kankakee county is operating under provisions of the Levee Act. The commissioners of the district filed an assessment roll, under section 37 of said act, against the lands in the district, consisting of about 1407 acres. It is agreed that all provisions of the act up to this date have been complied with. Notices were given by the commissioners for hearing upon the assessment roll, and certain of individual appellees filed objections to the effect that their lands were assessed more than they were benefited, and more than their proportionate share of the cost of the improvement.

The jury was impaneled to try the question of benefits, and after the jury was sworn and the commissioners had introduced their assessment roll and rested their case in chief, the same objectors asked leave to file an additional objection, and over the protest of the commissioners were given leave to, and did, file objections alleging that all of the lands in the district, except said objectors' lands, were assessed less than they were benefited, and less than their proportionate share of the cost of the improvement.

No notice was given to the nonobjecting landowners of said additional objection. Over the objection of the commissioners, the objectors offered evidence upon the issues raised in their original objections as well as the additional objection, after which the jury returned a verdict lowering the aggregate assessments against the lands of the objectors in the sum of $5000, and raised the aggregate assessment against the lands of appellants (the nonobjecting landowners) in the sum of $5000. After

the jury had returned this verdict the appellants entered a special appearance for the purpose of questioning the jurisdiction of the court and jury to raise their assessments, and, upon a hearing, their motion was denied by the court and judgment was entered against all of the land in the district for the various amounts found by the jury in its said verdict. Appellants have appealed to this court, and submit their case on an agreed statement and points of law under Rule 48 of this court.

It is the contention of appellants, or nonobjecting landowners, that under the provisions of the Levee Act they had a right to be notified of any action upon the part of other objectors claiming that their lands had been assessed too low by the commissioners, and, consequently, the court had no jurisdiction to raise their assessment upon such objection, when no notice had been given before the trial commenced. On the other hand, the appellees contend it is the duty of the party to a lawsuit to be constantly present and to be prepared to repel any action of the opposite party until the cause is terminated.

The proceeding in this case is entirely statutory, and no authority directly bearing upon the point in issue has been called to our attention except *Turley* v. *Arnold,* 384 Ill. 158, but appellees claim that what was said in that case, bearing upon the point in controversy, was not only *dicta* but inaccurate. The point will necessarily have to be decided under the provisions of the statute and principles of law applicable to all cases where no statutory provision exists.

Section 17a of the Levee Act (Ill. Rev. Stat. 1939, chap. 42, par. 19,) provides that upon the filing of the commissioners' roll of assessments of benefits and damages with the clerk, they shall give ten days notice of the time and place when and where they will appear before the court for the purpose of having a jury impaneled, and have the hearing before said jury upon all questions of

benefits and damages to any of the land in the said district. It then provides that when the jury is selected "said commissioners, on behalf of said district, shall present and file as their claim against the several land owners and tracts of land, the assessment roll provided for in section seventeen (17) of this Act, which shall make out a *prima facie* case for the commissioners, and all parties to said proceeding shall be permitted to present to said jury their case in person or by counsel, and offer any competent evidence as to the amount of benefits which any land in said district will receive by reason of said proposed work, or as to the damages to land taken or damaged thereby * * *." Upon the hearing, as provided by this section of the statute, it has been held that there are two questions involved, *viz.*, (a) is the property assessed more than the benefit; and (b) is it assessed more than its proportionate share of the cost? *Comrs. of Drainage Dist. No. 1 v. Goembel,* 383 Ill. 323.

The statute provides the assessment roll is deemed, in the first instance, to be correct and sufficient to make a *prima facie* case. It must be confirmed unless there is evidence to the contrary. (*People ex rel. Freeman v. Whitesell,* 262 Ill. 387.) The proceeding as it is filed is between the commissioners on the one side and each of the landowners on the other, with the issue as pointed out above. However, it has been recognized that upon the issue as to whether the property is assessed more than its proportionate share it may happen that other landowners are assessed less than they are benefited, and therefore it is permissible, in order to determine the proper assessment between all of the parties, for objecting landowners to file an objection to the effect that other landowners' assessments are too low and that, therefore, the commissioners' assessment roll in this respect is inaccurate. This in reality creates an issue between different landowners. The precise question, therefore, is whether land-

owners who are satisfied with the assessment roll, who do not file objections, and who rely upon the requirement that the assessment roll be confirmed if there are no objections thereto, may have the amount of their assessment changed without notice, not by the act of the commissioners, but by the act of other landowners.

This is one of the situations which is not directly covered by the statute; neither was the proposition that the jury must confirm an assessment if there are no objections; nor under the Farm Drainage Act was there any provision that notice be given to nonobjecting owners that other landowners were claiming such nonobjecting landowners classifications were too low, and yet we held in *People ex rel. Whitlock* v. *Green,* 242 Ill. 455, that notice was necessary.

At an early date in this State it was held that in statutory proceedings, even where notice is not required by the statute, on general principles notice should be given in every case before the rights of a party can be taken away. The time when the notice should be given is immaterial, so long as the opposite party has it before the court acts. (*Bruen* v. *Bruen,* 43 Ill. 408.) In *Corcoran* v. *Mud Creek Drainage Dist.* 336 Ill. 211, we held that the general policy of the drainage law gives the right to a hearing on all questions which may result in the assessment of the land in the district to every landowner whose property may be liable to the assessment, and that every landowner has a right to be heard at every stage of the proceeding to fix his liability.

Under the provisions of the statute in question, the commissioners are, in effect, the plaintiffs, and each landowner is a defendant in the proceeding. The commissioners make an assessment roll in which the amount which each person owes is specifically set out. This amount is supposed to be the amount of benefit to the land in question, and to be in proportion with all other landowners.

If some objecting landowner conceives the amount assessed against a neighboring landowner is less than it should be, its correction would necessarily reduce his own assessment, and, therefore, he has a right to make an objection, but his controversy is not with the commissioners, but with the neighboring landowner. The commissioners may still believe their assessment is just, equitable and right, but, nevertheless, this issue may be brought into the lawsuit in this manner and determined by the verdict of the jury.

It can readily be seen that this is not a proceeding which is similar to the cases cited by appellees, where the proceeding remains between the same parties throughout the course of the trial. This is a special statutory proceeding, and this right of an objecting landowner to object to the amount of the assessment of another landowner is not expressly fixed by the statute, but has been recognized by the decisions of this court to the end that all of the assessments may be just and equitable. Even though objections of this character are on file, still the assessment roll of the commissioners is *prima facie* evidence to establish their case. The nonobjecting landowners, being satisfied with the assessment, and filing no answer, the jury would be compelled to render a verdict for the amount of the assessment fixed by the commissioners. But when other landowners file the objection that the assessments of the nonobjecting landowners are too low, the commissioners' roll ceases to be evidence, except as to assessments against which there are no objections. *Comrs. of Drainage Dist. No. 1 v. Goembel*, 383 Ill. 323.

This raises a new issue not between the landowners and the commissioners, but amongst the landowners themselves. When new issues are formed in a trial, the opposite party is entitled to notice, as we have generally held a party's case stands or falls with his pleadings. (*Beaver Drainage Dist. No. 3 v. Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 347 Ill. 122.) The reason given

for such rule is that the defendant may be apprised of what the allegations are against him, so he may prepare his defense. *Helm v. Cantrell,* 59 Ill. 524.

It seems apparent from an examination of the statute that general directions, only, are given, and that its application must be governed by elementary principles of law not inconsistent with. the statutory provisions. It is perfectly clear if the commissioners should. undertake at the trial, without notice, to lower the objecting landowners' assessments by $5000 and to raise the nonobjecting landowners' assessments by $5000 that it would be illegal and void, as being a determination of property rights without a hearing. *(People v. Niesman,* 356 Ill. 322.) We see no great distinction between such an act upon the part of the commissioners and one brought about by an act of the objecting landowner, since the result would be the same, *viz.,*—the raising of a nonobjecting landowner's assessment without notice.

We must also keep in mind there is no limitation upon the size of drainage districts, which in many instances consist of thousands of acres of land and many hundreds of owners, and it may be that an owner in a distant part of the district may conceive that his assessment is too high because that of another landowner some miles away is too low, and it would seem to be unreasonable to believe that the legislature would allow an issue of this kind to be formed without notice either to the landowner or to the commissioners, so they could adequately meet the issue.

The disposition of the issue in this case depends more upon consideration of the elementary principles of law than it does upon the construction of the statute. The mere fact that the statute does not state a notice should be given under such circumstances does not mean that notice is not necessary. The appellants were faced with a peculiar situation as against the commissioners, because the assessment roll was *prima facie* evidence that the assessment was cor-

rect. As against the objection of appellees, under the *Goembel case* the assessment was no longer evidence, the result being that though the commissioners may not desire it, or may not believe it just and right, evidence was introduced which increased the assessment of the appellants and decreased that of appellees, without any notice of the new objections which made such proof proper. We are convinced, on re-examination, that what we said in *Turley* v. *Arnold,* 384 Ill. 158, on this subject is correct, and adhere to what was said on this point.

Our attention has been called to *Kickapoo Drainage Dist.* v. *City of Mattoon,* 284 Ill. 393, as holding contrary to what has been announced herein. We do not think that case is in point. What was said in that case was regarding a proceeding collateral to a drainage suit, and no question was raised as to the sufficiency of the notice. The principal point involved in that case was as to whether an assessment could be against a city generally for public benefits instead of against certain streets and alleys, which would involve a proper description of real estate.

We are convinced that, under the circumstances present in this case, the appellants were deprived of a substantial right, and that it was an abuse of discretion upon the part of the trial court to permit the objectors to file new objections after the commissioners, the real plaintiffs in the case, had made their case by the introduction of their evidence, and thus raise a new issue which appellants were not bound to anticipate, and of which they were entitled to notice.

The judgment of the county court of Kankakee county is reversed, and the cause remanded with directions to proceed in a manner not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*