[Civ. No. 22682.   Second Dist., Div. One.   Feb. 11, 1958.]

EMMA KOZAK CAMPBELL, Appellant, v. WILLIAM GILES CAMPBELL, Respondent.

Marvin Gross for Appellant.

Bertram L. Linz for Respondent.

FOURT, J.—This is an appeal from a judgment dismissing an action under the provisions of section 581, subdivision 3 of the Code of Civil Procedure after plaintiff had failed to

amend, demurrers having previously been sustained to the original, first amended, second amended, third amended and fourth amended complaints.

The fourth amended complaint to which the demurrer was sustained with leave to amend set forth two counts. The second count for an accounting, having been directed against a non-appearing defendant, is conceded by appellant not to be pertinent in this appeal.

The first count to quiet title to personal property alleged the marriage of the parties, that the wife obtained an interlocutory decree of divorce on the 16th day of April, 1946, which decree became final in May, 1947, and prayed judgment declaring wife to have a good and valid one-half interest in the manual or publication entitled "A Form Book for Thesis Writing." The fourth amended complaint contained the following allegations:

## "IV.

"That during the married life of plaintiff and said William Giles Campbell in the State of California, the said plaintiff and William Giles Campbell acquired and developed as community property and as a result of their joint labor and efforts, a manual or publication entitled 'A Form Book for Thesis Writing,' hereinafter referred to as 'publication'; that for the purpose of convenience said publication was authored under the name of William Giles Campbell; that at all times herein mentioned, plaintiff and said William Giles Campbell treated and considered said publication as their community property and that the authorship of said publication under said name was for the convenience of plaintiff and William Giles Campbell and not otherwise.

## "V.

"That pursuant to and in contemplation of said divorce action as hereinabove stated, plaintiff and defendant William Giles Campbell entered into a Property Settlement Agreement, which agreement provided, *inter alia*:

## " 'I

" 'The Husband represents and warrants that the following described property constitutes all of the property now held or owned by the parties:

. . . . . . . . . .

" '(f) Royalties from books written by Husband (estimated) $300.00. This is a potential asset only.'

that at the time that the property settlement agreement was

signed by the parties the parties were receiving royalties for some time from one book written by defendant, and it was intended by the parties at the time of the signing of the property settlement agreeement that the husband was to receive the royalties from the said books to the extent of $300.00 and that said royalties became a part of his separate property, and as a result Paragraph (f) was incorporated into the property settlement agreement and signed by the parties. At the time of the signing of the said property settlement agreement the parties did not take into consideration that there was existing a community interest in a publication manual entitled 'A Form Book for Thesis Writing,' and as a result there was no intention on the part of the parties to divide the community interest of said manual; no other arrangements or provisions were made for the division of said thesis manual as said parties had completely overlooked the existing community rights of said manual, and as a result no provision was made in the property settlement agreement which was later incorporated into the Interlocutory Judgment of Divorce; as a result of the omission on the part of the parties to consider the community interests of said thesis manual the said manual continues to be the property of plaintiff herein to the extent of a one-half interest therein.''

It is contended in this appeal that the fourth amended complaint stated a good and sufficient cause of action and that it was error to sustain a demurrer thereto for the following reasons:

1. the doctrine of res judicata does not apply;

2. it was the affirmative duty of the husband to disclose the existence of this asset;

3. it is immaterial whether the husband fraudulently or mistakenly failed to disclose this asset; and

4. the statute of limitations is tolled by the allegation that defendant has continuously resided outside the State of California from the time of the divorce.

The appellant has oversimplified the problems presented in this appeal. It is first stated that it is fundamental that allegations of a complaint are admitted by a demurrer thereto. From this, appellant argues that inasmuch as the doctrine of res judicata applies only to issues actually litigated and determined, the court must proceed to a hearing of the case and must determine as a question of fact whether the asset consisting of a manual or publication entitled "A Form Book

for Thesis Writing'' was in fact covered by the Property Settlement Agreement or the prior judgment.

The correct rule is that a ''demurrer reaches only to the contents of the pleading *and such other matters as may be considered under the doctrine of judicial notice.''* *Weil* v. *Barthel,* 45 Cal.2d 835, 837 [291 P.2d 30]. (Emphasis added.)

In addition, it is only facts which are well pleaded which are regarded as true (see *Livermore* v. *Beal,* 18 Cal.App.2d 535 [64 P.2d 987]); and ''facts alleged, which are contrary to those facts of which judicial notice is taken, cannot be regarded as true.'' *Arnold* v. *Universal Oil Land Co.,* 45 Cal. App.2d 522, 529 [114 P.2d 408].

With reference to the doctrine of res judicata, ''it is the general rule that a final judgment is res judicata *of the issues involved therein* where the trial court had jurisdiction.'' *Weil* v. *Barthel, supra.* (Emphasis added.)

In the instant case the former judgment in the divorce action between the parties is pleaded. Such judgment, supplemented by the pleadings therein of which the court may take judicial notice, may be considered in determining whether it is res judicata of the alleged cause of action.

The verified cross-complaint for separate maintenance filed in the former action by this appellant on August 21, 1945, contains the following allegation:

''As to that portion of community property of which cross-complainant has knowledge, cross-complainant alleges that the parties hereto are the owners of community property described as follows:

. . . . . . . . . .

''(h) Accounts Receivable and royalties due from the sale of books and articles written by cross-defendant, of the approximate value of $10,000.00 or more.''

The contested divorce trial commenced on April 2, 1946, and both parties appeared and were represented by competent counsel. Subsequently on April 8, 1946, ''pursuant to stipulation in open court by and between the respective parties, . . . defendant and cross complainant was granted leave to file an Amended and Supplemental Cross Complaint for divorce herein; . . . that the matter could proceed as a default hearing upon the Amended and Supplemental Cross Complaint of cross complainant, . . .''

A property settlement agreement entered into by the parties on April 8, 1946, together with the supplement thereto of even date, each of which had been approved by their

respective counsel, were specifically incorporated into and made a part of the interlocutory judgment of divorce. Said property settlement agreement contains the following statement: ''The Husband represents and warrants that the following described property constitutes all of the property now held or owned by the parties:

. . . . . . . . . . . .

''(d) Unsold books published by Husband of the value of $1275.

''(e) Accounts receivable from sales of books, amounting to $724.

''(f) Royalties from books written by Husband (estimated) $300. This is a potential asset only.

. . . . . . . . . . . .

''(v) Unfinished manuscript (offered in Court), April 4, 1946.''

The appellant wife was awarded as her sole and separate property cash in the amount of $637.50 representing the cash equivalent of a one-half interest in and to the unsold books published by husband, and the unfinished manuscript offered in court April 4, 1946.

The respondent husband was awarded, subject to payment to wife of $637.50 in cash, the entire interest in and to unsold books published by husband of the value of $1,275; accounts receivable from sales of books, amounting to $724; and royalties from books written by husband (estimated) $300.

In the supplement to the property settlement agreement, the respondent husband specifically agreed not to use or cause to be used the particular manuscript awarded to appellant wife, or to use any portion thereof.

One of the major issues involved in the property settlement agreement incorporated in the judgment pleaded by appellant was the disposition of their community property interest in each and every book, article, and manuscript of husband, whether published or unpublished. The provisions of the property settlement agreement relating to unsold books published by husband, accounts receivable and the unfinished manuscripts are facts which the trial court could consider under the doctrine of judicial notice in ruling on the demurrer. The doctrine of res judicata operates as a bar to the relitigation of title to any such book, article or manuscript, including the publication manual entitled ''A Form Book for Thesis Writing.''

Appellant also contends in the reply brief that, in determining whether a cause of action has been stated, the court cannot refer to superseded pleadings. ■ As a general rule, superseded pleadings are disregarded after amended pleadings are filed. However, if a prior pleading contains allegations which make it fatally defective, the defect cannot be cured merely by omitting said allegations in an amended pleading without proper explanation. This precise question was considered in the case of *Hicks* v. *Corbett*, 130 Cal.App.2d 87 [278 P.2d 77], in which the court ruled that the trial court was fully justified in considering the allegations of the original complaint. (See also *Slavin* v. *City of Glendale*, 97 Cal. App.2d 407 [217 P.2d 984]; *Rogers* v. *Bank of America*, 140 Cal.App.2d 228 [294 P.2d 959]; *Gaglione* v. *Coolidge*, 134 Cal. App.2d 518 [286 P.2d 568]; *Owens* v. *Traverso*, 125 Cal.App. 2d 803 [271 P.2d 164].)

■ In the instant action, with respect to the manual or publication entitled "A Form Book for Thesis Writing," it was alleged that the property settlement agreement "failed to provide for the *future* rights of the parties in and to said publication and that therefore the said publication continues to be the property of the plaintiff herein to the extent of a one-half interest therein." (Emphasis added.)

This allegation is contrary to the terms of the property settlement agreement. The original complaint is fatally defective because of this allegation, which, having been omitted without explanation, infects the subsequent pleadings.

■ Appellant has attempted to impose a fiduciary obligation upon the respondent husband on the basis of the warranty provision of said property settlement agreement. In the recent case of *Collins* v. *Collins*, 48 Cal.2d 325 [309 P.2d 420], involving this issue, the Supreme Court at page 331, stated the applicable law to be as follows: ". . . when the parties to a marriage are negotiating a property settlement agreement with recognition that their interests are adverse and are dealing at arm's length, neither spouse owes to the other the duty of disclosure which he or she would owe if their relation remained in fact a confidential one. (Citing cases.) They do not need to be embittered toward each other to act at arm's length; temperate negotiation of adverse interests is much more likely than rancorous combat to produce a fair property settlement agreement. ■ It is a long recognized rule that such settlements between husband and wife (of course in the

absence of fraud) are highly favored in the law. (Citing cases.)''

With respect to appellant's contention that the statute of limitations has been tolled, suffice it to say that the language of section 351, Code of Civil Procedure, makes no reference to place of residence. We are of the opinion that an affirmative allegation of absence from the state would be required to toll the running of the statute of limitations.

We find no ground upon which to order a reversal of the judgment of dismissal.

The judgment is affirmed.

White, P. J., and Herndon, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.