[Civ. No. 19337. First Dist., Div. One. Dec. 27, 1960.]

COUNTY OF ALAMEDA, Appellant, v. EVERETT W. CLIFFORD, Respondent.

J. F. Coakley, District Attorney, and William S. Coit, Deputy District Attorney, for Appellant.

Irving & Kellogg for Respondent.

BRAY, P. J.—Plaintiff appeals from a judgment in favor of defendant entered on order sustaining demurrer without leave to amend.

### QUESTIONS PRESENTED

1. Does a county in an action by a son against his indigent mother receiving support from the county, brought under section 206.5, Civil Code, for release from his obligation of support, without notice to the county, have a right, on discovery of a judgment in such action, to have the judgment set aside and to file a complaint in intervention in that action?

2. Does the complaint state a cause of action?

### RECORD

Plaintiff filed a complaint to set aside a judgment, alleging that on April 29, 1958, a judgment was obtained in the superior court by the defendant, releasing him from the obligation to support his mother; that said mother is now and since April 1951, has been receiving from Alameda County an old age security grant involving county, state and federal funds; that the county is interested in that judgment since it frees defendant from the obligation imposed by sections 2181 and 2224, Welfare and Institutions Code, to contribute to the support of his mother, and affects the liability which said county would seek to enforce against defendant pursuant

to said sections; that plaintiff first obtained knowledge of the judgment on May 5, 1958; thereupon plaintiff filed notice of motion to vacate the judgment and to permit plaintiff to intervene on the grounds that the county was a necessary party and that the judgment was taken against the county by surprise and without notice; the motion was denied; that plaintiff has no adequate relief at law and can have relief only in equity; that the judgment was taken by default. Upon information and belief plaintiff alleges that defendant and his mother colluded to obtain the judgment for the sole purpose of defrauding the county by evading his legal responsibility under the Old Age Security Law; that on January 23, 1958, the mother agreed to notify plaintiff in the event that she was served with a citation in an abandonment action, such as is required by Civil Code, section 206.5; that plaintiff relied upon the mother giving such notice; that she was served with such citation on March 28, but failed to notify plaintiff and failed to appear at the hearing as required by the citation; that obtaining a judgment by the defendant without opposition and without notice to the county was a fraud against it; that plaintiff has a good and sufficient complaint in intervention in the action and is able to show that defendant was not abandoned by his mother for a period of two or more years while he was under the age of 16 years; that defendant's parents separated October 8, 1914, when defendant was 12 years 7 months of age; that from then and until defendant was 16, the mother was not obligated to support defendant nor was she physically and mentally able to do so; that the parents placed defendant with friends and relatives, and that defendant and his mother, on occasions, visited with each other, and that there was no abandonment.

Defendant demurred generally and specifically to the complaint. The demurrer was sustained without leave to amend.

1. *Was the County Entitled to Intervene?*

There are two theories upon which the plaintiff sought to have the judgment set aside: (1) that plaintiff is an *indispensable* party and hence the court had no jurisdiction to enter a judgment binding upon plaintiff; and (2) that if plaintiff were only a *necessary* party, as distinguished from an *indispensable* party, defendant was guilty of extrinsic fraud which deprived plaintiff of an opportunity to be heard in the case.

The statutory liability of an adult child to maintain an indigent parent is found in section 206, Civil Code. To obtain

relief from this statutory duty the child must prove that he was "abandoned" under the provisions of section 206.5. Prior to bringing such proceeding, if the parent is receiving aid under an old age security grant as well as certain specified other types of aid, the child must first make application to the board of supervisors granting such aid for an order freeing him from responsibility for the parent's support. At the time of such application the child must produce proof that while he was a minor he was abandoned by said parent for a period of two or more years, and that the parent was physically and mentally able during that period to support him. If the board denies his request or fails to act within 30 days, the child then may proceed under section 206.5.

That section requires a petition to the superior court of the county where the parent resides asking to be freed from the obligation to support the parent and stating that the child was abandoned by the parent for two or more years prior to the child's reaching the age of 18 years, and that during said time the parent was physically and mentally able to support the child. Upon filing the petition a citation is issued which must be served upon the parent.

Plaintiff concedes that as between defendant and his mother her rights under section 206, Civil Code, were defaulted, and that she is bound by the judgment. However, plaintiff claims that as section 206.5 provides, "A person released from the obligation to support a parent as provided in this section shall be deemed to be so released with respect to any state law under which a child is required to pay for the support, care, maintenance, and the like of a parent, or to reimburse the State or a local public agency for furnishing such support, care, maintenance, or the like," the county furnishing such aid is an indispensable party to a proceeding under that section as a judgment therein bars the county from reimbursement for aid given the parent, and yet the county has no opportunity to contest a petitioner's claim of abandonment or to show that the proceeding is, as claimed in this case, a collusive one.

Section 389, Code of Civil Procedure, provides that when an indispensable party is not joined the court shall order the party asserting the cause of action to which he is indispensable, to be brought in. The section defines an indispensable party: "A person is an indispensable party to an action if his absence will prevent the court from rendering any effective judgment between the parties or would seriously prejudice any party before the court or if his interest would

be inequitably affected or jeopardized by a judgment rendered between the parties.''

Under this definition plaintiff is an indispensable party as its ''interest would be inequitably affected or jeopardized by a judgment rendered between the parties.'' Generally speaking, the very purpose of a person bringing a proceeding under section 206.5, Civil Code, is to obtain a determination of his responsibility to reimburse the public agency granting relief to his parent. In *Bowles* v. *Superior Court,* 44 Cal.2d 574, 583 [283 P.2d 704], the court said: ''Where persons are so interested in the controversy that they should normally be made parties in order to enable the court to do complete justice, but their interests are separable from the rest, they are necessary but not indispensable parties. On the other hand, one may be an indispensable party if his interest in the subject matter of the controversy is of such a nature that a final decree cannot be rendered between the other parties to the suit without inevitably affecting that interest.'' ''One whose rights will inevitably be affected by the judgment is an indispensable party.'' (*Warner* v. *Pacific Tel. & Tel. Co.,* 121 Cal.App.2d 497, 500 [263 P.2d 465].) In *Bank of California* v. *Superior Court,* 16 Cal.2d 516, 522 [106 P.2d 879], the court stated that where a plaintiff seeks some ''type of affirmative relief which, if granted, would injure or affect the interests of a third person not joined, that third person is an indispensable party.''

In *Stark* v. *County of Alameda,* 182 Cal.App.2d 20 [5 Cal.Rptr. 839], an adult child brought a proceeding under section 206.5 for an order freeing her from responsibility for the mother's support. The trial court permitted the county of Alameda to intervene. While no question is raised there concerning the court's right to do so, it is significant that both the reviewing court and counsel seemed to assume the right of the county to be a party to the proceeding.

Thus, the county here had the right to intervene had it had knowledge of the pendency of the proceedings. It now attacks the judgment on the ground that it was obtained without notice and through extrinsic fraud practiced on the court. ■ A court has inherent power to vacate a judgment obtained through such fraud. (*Gardner* v. *Trevaskis,* 158 Cal. App.2d 410, 413 [322 P.2d 545].) ■ ''A party may attack a judgment when the extrinsic fraud of the other party has deprived him of an opportunity to present his case or obtain a fair adversary hearing.'' (*Craney* v. *Low* (1956), 46 Cal.2d 757, 759 [298 P.2d 860].) See Restatement, Judg-

ments, section 115, comment c; also *Taylor* v. *Western States L. & M. Co.* (1944), 63 Cal.App.2d 401 [147 P.2d 36], which holds that in an action to quiet title to a bank account it was proper to set aside the judgment and permit the state to intervene to establish its claim that the account had escheated to the state. The case held that the default of the defendant in the original action should not be set aside but only the judgment. So here, the default of the mother will stand but the judgment should be set aside to enable plaintiff here to assert its rights.

Defendant contends that because the Legislature by section 206.7 requires as a prerequisite to the bringing of a proceeding under section 206.5, an application to the board of supervisors, and did not require in section 206.5 any notice to be given the board of the pendency of a proceeding under the latter section or provide for the board being made a party in that proceeding, such fact shows that the Legislature intended that the county should not be a party to the latter proceeding. Every person directly affected by an action or proceeding is entitled to notice and an opportunity to be heard. (*Spence* v. *Granger*, 207 N.C. 19 [175 S.E. 824, 825].) In view of that principle there should be a clear showing that the legislative intent was that the agency granting relief to the parent should not be a party to the proceeding, before so finding. In section 206.5, Civil Code, the Legislature has not expressly or impliedly denied the right of notice and appearance to the public agency which will be vitally and adversely affected by a judgment under that section.

In *Commissioners etc. Drainage Dist.* v. *Melville*, 388 Ill. 526 [58 N.E.2d 580, 582], the court stated: "At an early date in this State it was held that in statutory proceedings, even where notice is not required by the statute, on general principles notice should be given in every case before the rights of a party can be taken away. The time when the notice should be given is immaterial, so long as the opposite party has it before the court acts." See also *In re Wagner's Estate*, 14 N.J. Misc. 834 [187 A. 775, 776]; *Nelson* v. *Ecklund*, 68 N.D. 724 [283 N.W. 273, 277].

A court of equity is not confined to cases of fraud. Want of notice and consequent inability to be heard may be sufficient ground for equity to interpose to set aside a judgment. (*City of Los Angeles* v. *Morgan*, 105 Cal.App.2d 726, 730 [234 P.2d 319]; *Sternbeck* v. *Buck*, 148 Cal.App.2d 829, 833 [307 P.2d 970].)

The fact that the Legislature did not provide that the public agency supplying aid to the indigent party should receive notice of the proceeding, is not conclusive of the intention to eliminate such agency as a party. *People* v. *Centr-O-Mart,* 34 Cal.2d 702 [214 P.2d 378], was an action brought by the district attorney of San Joaquin County to enjoin violations of the Unfair Practices Act (Bus. & Prof. Code, §§ 17000-17101). Section 17070 provides for such an action to be brought by "Any person or trade association . . ." The question presented in the case for determination was "whether the state, because not expressly included within the list of those who might bring actions to enjoin alleged violations, is excluded by implication." (P. 703.) The court answered the question in the negative, pointing out that the purpose of the act was to safeguard the public against the creation of monopolies, and to encourage competition, and that the state would be a proper party " 'to *safeguard the public.'* "

The court said further: "Where a statute is not expressly made applicable to government, it is for the courts to determine whether the Legislature intended it to apply to government. In making that determination, it is proper to consider all matters which, under the rule of statutory interpretation, shed light on the legislative intention. [Citation.]

Words of a statute must be given such interpretation as will promote rather than defeat the general purpose and policy of the law." (P. 704.) The court held that the state was a proper party to bring the action. In our case the Legislature has determined, in effect, in section 206, that the "general purpose and policy of the law" is that the children of an indigent parent must maintain the latter to the extent of the children's ability.

It would appear, therefore, that the mere failure to mention in section 206.5 public agencies supporting the indigent parent would not justify an interpretation that the Legislature intended that such agencies were completely without protection against a collusive or unjust judgment which would deprive the agencies of the reimbursement intended by section 206.

Statutes of 1959, chapter 1186, page 3271, amended section 206.7 as it was at the time of the instant proceeding and provided that when a proceeding is brought under section 206.5 a copy of the petition must be served on the clerk of the board of the public agency providing aid to the indigent parent.

"Although courts ordinarily infer an intent to change

the law from a material change in the language of a statute [citations], the circumstances may indicate merely a legislative intent to clarify the law [citations]." (*W. R. Grace & Co.* v. *California Emp. Com.* (1944), 24 Cal.2d 720, 729 [151 P.2d 215] ; see also *Union League Club* v. *Johnson* (1941), 18 Cal.2d 275, 278 [115 P.2d 425].) In determining the legislative intent here another rule of statutory construction should be applied: "When a rule is so long engrained in the public policy of the state it must be presumed that the legislature took it for granted rather than sought to alter it in omitting any specific provision for its application." (*Garvey* v. *Byram* (1941), 18 Cal.2d 279, 281 [115 P.2d 501, 136 A.L.R. 1137].) Thus, in the present situation the failure of the Legislature in its original enactment of section 206.5 to provide for notice to the public agency must be construed not as an intention to provide a procedure by which the long established principle that an adult child, if able, should reimburse the agency for aid given his indigent parent, would be eliminated without notice to the agency, but rather as a tacit acceptance that such notice must be given. To hold that the public agency so vitally concerned in the outcome of a proceeding under section 206.5 is barred from contesting the claim of a person desiring to avoid the financial responsibility placed upon him by section 206 would open the door to collusion and fraud and would not be in the public interest.

2. *Does the Complaint State a Cause of Action?*

 Even if plaintiff was no more than a necessary party it would be entitled to bring this action if it was prevented by fraud from appearing in the other proceeding. Defendant contends that the complaint fails to state a cause of action to set aside the judgment on this ground. However, it shows that, as stated above, plaintiff is an indispensable party to the action under section 206.5, Civil Code, and that no notice was given it of the proceeding. The complaint alleges that the judgment was obtained by the collusion of the mother and son, the mother having promised plaintiff to inform it of any proceeding of this kind. Also the mother failed to defend. While it is not alleged that the son knew of the mother's promise to inform the county of any proceeding brought against her, her default and his failure to notify the county of the proceeding support the charge of collusion and of extrinsic fraud. "Where the fraud practiced is collateral to and outside of court so that a party is, because of such fraud or concealment, effectively deprived of presenting his case or all of

his defense, it is extrinsic and equity will give relief.'' (*Gale v. Witt,* 31 Cal.2d 362, 365 [188 P.2d 755].) '' '. . . Courts of equity will relieve a party from an unjust judgment, rendered against him when, without service of process, either actual or constructive, no opportunity has been given him to be heard in his defense . . .' '' (*Estate of Standing* (1950), 99 Cal.App.2d 668, 673 [222 P.2d 465, 223 P.2d 255].)

 Defendant's main attack on the sufficiency of the complaint is based on his contention that, in effect, plaintiff cannot prove its charge that defendant was not abandoned by his mother. To do this, defendant would have us consider the evidence in the proceeding under section 206.5, contending that we must take judicial notice thereof. As authority for this rather startling contention, defendant cites the general language from 39 California Jurisprudence 2d, page 191, to the effect that a demurrer does not admit allegations that are contrary to facts of which judicial notice is taken, and to *Campbell* v. *Campbell,* 157 Cal.App.2d 548, 552 [321 P.2d 133], which holds that where a former judgment is pleaded the court may take judicial notice of the *pleadings* in the action in which the judgment was obtained. We know of no authority which enables us to consider in determining the correctness of the order sustaining the demurrer the evidence in the prior proceeding. Moreover, plaintiff was given no opportunity in that proceeding to challenge the truth of that evidence. Likewise, this court may not consider other factual matters referred to by defendant. These are matters to be submitted to the trial court at a trial on the merits for its determination of their effect.

 It is not clear from defendant's brief whether or not he is contending that the order denying plaintiff's motion in the prior proceeding for relief under section 473, Code of Civil Procedure, is res judicata here. If he is so contending, the contention is without merit. In *Sternbeck* v. *Buck, supra,* 148 Cal.App.2d 829, it was held that the denial of relief under section 473 from a judgment on the ground of excusable neglect is not res judicata of ''the allegations of a complaint in equity where the ruling is (a) based upon merely procedural or jurisdictional grounds or (b) the judgment is directly rather than collaterally attacked.'' (P. 831.) The order denying relief does not state upon what grounds it is granted. It could have been on jurisdictional grounds. In any event, the judgment is here directly attacked. ''An action in equity to set aside a judgment entered in a prior action is

treated as a direct rather than as a collateral attack." (*Idem,* p. 832.)

*Faus* v. *Pacific Elec. Ry. Co.,* 134 Cal.App.2d 352 [285 P.2d 1017], is not in point. There certain property owners brought suit against the railway company and the city of San Marino to quiet title to right of way strips on Huntington Drive after the company had abandoned those rights of way. The county of Los Angeles sought to intervene on the ground that although "No property interest in the disputed land is claimed by the county and the prayer asks for no relief in favor of the county against any of the parties to the action" (p. 355) the county has a general interest in the street and might appropriate to the city funds for its improvement, and that if the city's ownership in the strip were decreed, none of the county funds it might provide the city would be necessary for the acquisition of title. The reviewing court upheld the trial court's refusal to permit the intervention, stating that the county's interest in the litigation was "not direct, immediate or proximate but is simply consequential and indirect." (P. 359.) In our case the consequences to plaintiff of defendant's judgment are direct, immediate and proximate.

The judgment is reversed.

Tobriner, J., and Duniway, J., concurred.