[Civ. No. 6813.   Fourth Dist.   June 14, 1962.]

RAYMOND A. CHRYST, Plaintiff and Appellant, v. MAR-
    GUERITE E. CHRYST, Defendant and Respondent;
    COUNTY OF ORANGE, Real Party in Interest and
    Respondent.

James G. Butler and Abe Mutchnik for Plaintiff and Ap-
pellant.

No appearance for Defendant and Respondent.

George F. Holden, County Counsel, and John C. Sample, Jr., Deputy County Counsel, for Real Party in Interest and Respondent.

SHEPARD, Acting P. J.—This is an appeal by plaintiff from a judgment denying plaintiff's petition to be freed from his obligation to support his parent and an attempted appeal from the minute order denying relief.

### FACTS

Plaintiff brought this action under the provisions of sections 206.5, 206.6 and 206.7 of the Civil Code, to be freed from the obligation to support his mother, Marguerite E. Chryst, defendant herein. County of Orange, real party in interest, is respondent on appeal.

Plaintiff's petition, in substance, alleges that defendant is the mother of plaintiff and is a recipient of welfare aid; that prior to plaintiff's reaching the age of 18, and while defendant was physically and mentally able to support him, defendant abandoned him for a period of two years; that a similar petition was first made to the respondent county's board of supervisors and was denied.

The settled statement of oral proceedings shows in substance that in 1917 crop failure caused severe financial hardship to plaintiff's parents. The family was then living together at Edgely, North Dakota. The parents then went to Wallaby, South Dakota, leaving the children with defendant's sister and her husband because defendant believed the children would be better off with said sister, but without any decision being made by either parent to abandon the children. For two and a half years continuously thereafter, said father worked at whatever he could find and did maintain himself and defendant. They had an automobile, but they did not communicate with nor contribute support to the children. At the end of this period of time said parents learned that defendant's sister was ill. Thereupon said parents went back to Edgely, reassumed physical custody of the children and brought them to California. At some time prior to the commencement of the present action the parents were divorced. Both parents testified that when they left the children with plaintiff's sister they did not think about abandoning them.

Further details of the arrangements, if any, with defendant's sister are not shown by the record. The trial court found in accordance with the foregoing and also found that defendant did not, during the two and a half years in question, have the physical ability to support plaintiff and at no time intended to abandon plaintiff. It concluded that defendant did not abandon plaintiff and that plaintiff's petition to be freed from his obligation to support should be denied and rendered judgment accordingly. Plaintiff appeals.

## FINDING ON ABANDONMENT

■■■■ Plaintiff contends, in effect, that the evidence compels the finding as a matter of law, that defendant did abandon plaintiff during the two and a half year period in question and that therefore there is no support for the finding that defendant did not abandon plaintiff. He makes this contention in two separately worded and argued contentions, but in essence both are the same. It is unnecessary to discuss both separately.

The portion of Civil Code section 206.5 with which we are here concerned provides that if the superior court finds, on proper petition, that while petitioner "was a minor, he was abandoned by such parent, and such abandonment continued for a period of two or more years prior to the time such person reached the age of 18 years, and such parent during such period was physically and mentally able to support such person," said court may grant a decree freeing the petitioner from his obligation to support the parent.

The question here resolves itself into one of intent. Only three cases have been found which interpret the section. They are *County of Alameda* v. *Clifford,* 187 Cal.App.2d 714 [10 Cal.Rptr. 144], which is entirely concerned with court procedure, *Stark* v. *County of Alameda,* 182 Cal.App.2d 20 [5 Cal. Rptr. 839] and *Johns* v. *Kleinkopf,* 189 Cal.App.2d 711 [11 Cal.Rptr. 412]. In the case here at bar, no procedural defects are presented. In both the *Stark* and *Johns* cases, there was direct evidence of communication during the questioned period of alleged abandonment.

■■■■ However, as was said in the *Stark* case, at pages 23 and 24 [1] : "We believe that abandonment contemplates an intentional disruption of the parent-child relationship manifested by an actual desertion of the child, concomitant with an express declaration to abandon the child or by conduct which exhibits such intentional disruption of the relation. . . .

". . . In order to constitute abandonment there must be an actual desertion, accompanied with an intention to entirely sever, so far as it is possible to do so, the parental relation and throw off all obligations growing out of the same."

The *Johns* case reiterates the same thought and concludes, at page 714 [3] : ". . . that the issue of intent to abandon constitutes one of fact for the trial court." See also *In re Bisenius,* 173 Cal.App.2d 518, 521 [2] [343 P.2d 319] regarding "abandonment" of child under section 701, Welfare and Institutions Code, and authorities there cited.

In the case here at bar, the children were not left to die in wilderness or desert; they were not dropped without agreement on the doorstep of a stranger. From the facts presented, the trial court had the right to infer that the parents became destitute or nearly so; that they were unable to provide properly for the children; that they turned for help to defendant's sister and that some kind of agreement, expressed or unexpressed, was had by which defendant's sister agreed to care for the children; that the consideration for such agreement was love and affection for the sister or children or both and that there was no intent to sever the parent and child relation. Turning to a near relative for help is as old a custom as human history. Nothing in the evidence tells us what words or thoughts passed between the parents and the sister except that there was no expression of abandonment. Both parents testified they never thought of that subject. That the parents maintained an automobile means nothing. In places where no public transportation is available an automobile may be as much of a necessity as a horse was 60 years ago. We are not told its kind, value or use. It may have been worth $50. It may have been necessary for the father's work and used only for that. There is no evidence that defendant was able to do more than eke out her own subsistence.

The cause of leaving the children, the person with whom they were left, the lack of any evidence as to what was said, the lack of evidence of ability of defendant to support the children, the resumption of physical custody by defendant as soon as she heard of the sister's illness, all frame a picture in which the presence of an intent to sever parental relationship and obligations was a question of fact for the trial court. (*Stark* v. *County of Alameda, supra,* 25, 26 [4] ; *Johns* v. *Kleinkopf, supra; In re Bisenius, supra,* 523, 524 [7].)

None of the authorities cited by plaintiff enunciate any

rules contrary to the foregoing. It is unnecessary to burden the record with their analysis.

The attempted appeal from the minute order is dismissed. The judgment is affirmed.

Coughlin, J., concurred.