181 Cal.App.3d 237 (1986)
226 Cal. Rptr. 382
In re OLIVIA A., a Minor.
LUCYLE J., Petitioner and Respondent,
v.
CHRIS S., Objector and Appellant.
Docket No. A028941.
Court of Appeals of California, First District, Division Three.
May 21, 1986.
*238 COUNSEL
Harry D. Roth for Objector and Appellant.
*239 John K. Van de Kamp, Attorney General, Thomas A. Brady and Gloria F. DeHart, Deputy Attorneys General, for Petitioner and Respondent.
OPINION
WHITE, P.J.
On August 22, 1983, Solano County Superior Court issued an order declaring Olivia A. free from the custody and control of her father, appellant herein. On January 3, 1984, the district attorney, on behalf of Solano County, filed a motion to vacate or modify that order, or in the alternative for equitable relief. Olivia's father filed an opposition to the county's motion. Following a hearing on May 1, 1984, the court vacated its order, finding that a fraud had been perpetrated on the court. This appeal followed.

Statement of Facts
Olivia A., born July 21, 1980, is the daughter of Lucyle J. and appellant, Chris S. Her parents have never been married. On January 11, 1983, Olivia's parents entered into a stipulated judgment establishing appellant's paternity, and arrearages in child support of $1,200 through September 1982, and ongoing support of $75 per month commencing October 25, 1982. Appellant paid $180 of his child support obligation in May 1983. Lucyle has received public aid to families with dependent children (AFDC) since Olivia was born.
On June 23, 1983, Lucyle filed a petition to declare Olivia free from appellant's custody and control, pursuant to Civil Code section 232. Lucyle later testified that she filed the petition at appellant's request. Appellant, she testified, told her that he had been dismissed from his employment for failure to pay child support, and that he could not possibly afford to pay the "phenomenal" support payments. He also told her that he did not feel it was fair for him to pay the child support since they had never lived as a family. Lucyle also testified that she felt terminating appellant's custody rights was in the best interest of her child.
Both appellant and Lucyle appeared in propria persona at a hearing on the matter on August 17, 1983. The case was taken off calendar because the parties had failed to bring necessary documents. Appellant testified subsequently that he and Lucyle signed a stipulation to terminate his parental rights and responsibilities which he presented to the court soon after the hearing was taken off calendar. Lucyle testified that she did not sign the stipulation and took no further action on the petition after the hearing was *240 taken off calendar. Although the stipulation does not appear in the superior court file, a court order declaring Olivia free from appellant's custody and control was filed by the court on August 22, 1983.
The county had not been notified regarding the petition to declare Olivia free from her father's custody. Soon after being notified that appellant had terminated his custody rights and support obligations, the county moved to vacate the trial court's order. On May 1, 1984, the trial court granted the motion, stating on the record: "All right. Maybe I'm going to be making some law, but I feel rather strongly about this and perhaps it's because I was the judge in question. In any event, I find that there was a fraud perpetrated on the Court for the reason that the record does not reveal that at anytime there was mention that there was a third party specifically and primarily concerned here, which is the District Attorney's office as representative of the minor or for person's support through AFDC. [¶] Further, that this order was obtained apparently on some comment about a stipulation that does not appear in the record. It's apparent from all of the pleadings set forth that the purpose of the entire proceedings was not in the spirit of the 230 sections of the code in that it was not to facilitate an adoption but was done to, in fact, avoid the requirement of payment of support by [appellant]. And, finally, because there was not compliance with the investigation procedures as well."

Discussion
Appellant contends that (1) the county lacks standing to appear in this action, and (2) the court lacked jurisdiction to vacate the previous order. We disagree, and therefore affirm the action taken by the trial court.

1. The county has standing.
"[T]he enforcement of child support rights involves not only a matter of private or local concern, but poses an important question for the federal and state governments as well. Consequently, in determining child support rights, including those relating to the assignment of such rights, we are governed not only by the rules of common law, but also by specific statutes enacted by the federal and state legislative bodies. Notably, in 1975 Congress adopted title IV-D of the Social Security Act (42 U.S.C. §§ 651-660) which requires that the states establish a comprehensive program for both child support enforcement and determination of paternity. More to the point, 42 United States Code section 602(a)(26)(A), provides that as a condition of eligibility for aid, the welfare applicant or recipient is required to assign to the state any rights to support which have accrued at the time such assignment is executed. In an effort to conform to the federal statute, in 1975 the *241 California Legislature enacted section 11477 of the Welfare and Institutions Code, providing in relevant part that `As a condition of eligibility for aid paid under this chapter, each applicant or recipient shall: [¶] (a) Assign to the county any rights to support from any other person such applicant may have in their own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and which have accrued at the time such assignment is made. Receipt of public assistance under this chapter shall operate as an assignment by operation of law.'" (In re Marriage of Shore (1977) 71 Cal. App.3d 290, 295 [139 Cal. Rptr. 349], fn. omitted, italics in original.)
(1) In the instant case, since Lucyle applied for an received public assistance, her support rights against appellant were assigned to the county by operation of law. (See also Civ. Code, § 248.) (2) It is well settled that once a valid assignment has been made, the assignor cannot by unilateral action defeat or impair the rights of the assignee. (In re Marriage of Shore, supra, 71 Cal. App.3d 290, 296.)
(3) Section 232.6 of the Civil Code provides that a declaration of freedom from parental control and custody pursuant to section 232, releases the parent of his or her responsibilities with regard to the child. Thus, appellant's support obligation was terminated upon issuance of that initial order. Lucyle's petition, therefore, operated to impair the county's right to collect child support payments from appellant.
(4) Section 389 of the Code of Civil Procedure provides that if a person claims an interest relating to the subject of the action, and is so situated that the disposition of the action in his or her absence may as a practical matter impair or impede his or her ability to protect that interest, then that person is an indispensable party. (Code Civ. Proc., § 389, subd. (a)(2)(i).) Here, the county's interest in reimbursement of child support from appellant was impaired by the disposition of the action, therefore, the county was an indispensable party.
In County of Alameda v. Clifford (1960) 187 Cal. App.2d 714 [10 Cal. Rptr. 144], the defendant's mother was receiving an old age security grant from county, state and federal funds. The defendant brought an action under Civil Code section 206.5 to terminate his obligation to support his mother. The county was not notified of the action. After the defendant obtained a judgment, the county discovered the action, and moved to set aside the judgment. The court of appeal reversed the trial court's denial of the county's motion, finding that the county was an indispensable party to the action.
*242 Even more similar to the case at hand is In re Marriage of Lugo (1985) 170 Cal. App.3d 427 [217 Cal. Rptr. 74]. There, a divorced father obtained an order suspending his child support obligations while he was unemployed. More than five years later, the county placed a lien on the father's home to secure payment of the support arrearages. The trial court ruled that despite the earlier court order suspending his support obligations, the county could collect the arrearages because the father had failed to provide the county, an indispensable party to the action, with proper notice of the proceeding. The court, citing Clifford, found the county to be an indispensable party because it had provided welfare benefits to the father's children, and had a right to reimbursement from the father.
We conclude, therefore, that not only did the county have standing to object to the court's action, but the county was an indispensable party to that proceeding. We turn now to the second issue, whether the trial court had jurisdiction to vacate the order.

2. The trial court properly vacated its prior order.
In support of his argument that the trial court lacked jurisdiction to vacate the previous order, appellant cites Civil Code section 238 which provides: "Any order and judgment of the court declaring a minor person free from the custody and control of any parent or parents under the provisions of this chapter shall be conclusive and binding upon such minor person, upon such parent or parents and upon all other persons who have been served with citation by publication or otherwise as provided in this chapter. After making such order and judgment, the court shall have no power to set aside, change, or modify it, but nothing in this section shall be construed to limit the right to appeal from such order and judgment."
(5) Despite the language of section 238, several reasons support the conclusion that the trial court properly vacated the previous order in this case. First, section 238 only applies to persons who have been served with citation by publication or otherwise. Here, the county was not served.
Second, section 233 of the Civil Code requires that the juvenile probation officer or the county be notified by the court clerk to investigate the minor and the circumstances alleged in the section 232 petition, and to file with the court a written report of the investigation and a recommendation. No investigation or report was made in this case.
Third, the trial judge stated on the record that he believed that a fraud had been perpetrated on the court. A court always retains the inherent power to vacate a judgment obtained through fraud. (Villarruel v. Arreola (1977) *243 66 Cal. App.3d 309, 317-318 [136 Cal. Rptr. 19]; County of Alameda v. Clifford, supra, 187 Cal. App.2d 714, 720.) "It is settled law that in such a context an adversely affected party, although a stranger to the action, will have standing according to principles of equity to proceed to have the judgment so obtained set aside." (Villarruel v. Arreola, supra, 66 Cal. App.3d 309, 317.)
In vacating the order, the court stated: "I find that there was a fraud perpetrated on the Court for the reason that the record does not reveal that at anytime there was mention that there was a third party specifically and primarily concerned here, which is the District Attorney's office as representative or the minor or for the person's support through AFDC.... It's apparent ... that the purpose of the entire proceedings was not in the spirit of the 230 Sections ... in that it was not to facilitate an adoption but was done to, in fact, avoid the requirement of payment of support...."
The California Supreme Court explained in In re Laura F. (1983) 33 Cal.3d 826 [191 Cal. Rptr. 464, 662 P.2d 922], that case law, legislative history, and black letter statutory language all confirm the obvious conclusion that a section 232 action is to facilitate adoption of the minor child. (Id., at p. 845.) At the hearing on the county's motion to set aside the prior order, Lucyle testified that the reason she petitioned the court to declare Olivia free from appellant's control and custody was not because Olivia was going to be adopted, but because appellant could not afford to pay for the support of his daughter. Thus, the purpose and spirit of section 232 were thwarted.
In addition, the court was not advised that Lucyle received AFDC or that the order would affect the county's right to reimbursement. The facts of the instant case support the trial court's conclusion that a fraud was committed on the court. Therefore, the court retained the power to set aside the initial order.
Finally, "[a] court of equity is not confined to cases of fraud. Want of notice and consequent inability to be heard may be sufficient ground for equity to interpose to set aside a judgment [or order]." (County of Alameda v. Clifford, supra, 187 Cal. App.2d 714, 721.) The trial court's decision to vacate the previous order, therefore, may also be affirmed on the ground that the county, as an indispensable party, was denied its opportunity to present its case and to obtain a fair adversarial hearing on the matter.

*244 Conclusion

The order setting aside the order terminating appellant's parental rights and responsibilities is affirmed. Respondent is awarded costs.
Barry-Deal, J., and Merrill, J., concurred.