[No. A034580. First Dist., Div. Five. Dec. 17, 1987.]

In re JENELLE C., a Minor.
SAN MATEO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Petitioner and Respondent, v.
DEBORAH C., Objector and Appellant.

COUNSEL

Jay Ruskin, under appointment by the Court of Appeal, for Objector and Appellant.

James P. Fox, District Attorney, and Beth Labson Freeman, Deputy District Attorney, for Petitioner and Respondent.

OPINION

LOW, P. J.—Deborah C. appeals from a judgment terminating her parental rights over her daughter Jenelle. (Civ. Code, § 232.) We affirm.

The minor was born on April 15, 1979. On February 17, 1984, the minor was declared a dependent of the court (Welf. & Inst. Code, § 300) and placed in the foster home of Dyan C., where she has continuously lived. The dependency order was based on the social worker's report that appellant's boyfriend, Wendall, had sexually abused the child several times, on one occasion in a most disgusting manner, and when appellant was present she had failed to intervene; appellant's brother had repeatedly hit the minor; appellant had no stable residence; she was unemployed and could not financially provide for the minor; she abused drugs and lacked essential parenting skills; and appellant has severe emotional problems which require extensive therapy.

During the foster care placement, appellant was seen by a therapist, who described her as being "deeply disturbed," a "borderline personality" with "unstable moods, identity disturbance, difficulty with interpersonal relationships, and impulsive, unpredictable behavior which is often self-damaging." Appellant demonstrated a profound lack of awareness of the unsuitability of raising a small child in her current living situation. Without intensive psychotherapy, she would not be able to provide a healthy environment for the minor. During this period, appellant's living situation remained unstable, often living on the street. She remained financially unable to provide for her own support or the minor's.

Appellant failed to complete the drug counseling, parent training and therapeutic programs made available to her; she attended substantially less than all the scheduled supervised visits with the minor, and during many of these visits she acted inappropriately. During one of the unsupervised visits, the minor was sexually molested by her uncle. Appellant also threatened to kidnap the minor if she were not returned. At the time of the permanent planning hearing on July 31, 1985, appellant was still on probation for bringing marijuana into a jail, and was reported to have married.

Jenelle was diagnosed as a severely disturbed child with self-destructive tendencies. She was too emotionally damaged to enter a group therapy program with other children and continued to attend individual counseling throughout this period. The psychologist treating her strongly recommended termination proceedings be commenced. The social worker reported that Jenelle was adjusting well to the foster home and the foster mother was willing to adopt the minor. Adoption by Dyan C. was recommended.

At the termination hearing, the previous reports were admitted into evidence. All the witnesses for petitioner recommended that it was in Jenelle's best interests if parental rights were terminated. There was no appreciable change from the earlier clinical diagnosis and the mother's living situation, which resulted in the dependency order. It was asserted that Deborah's psychological instability prevented her from becoming an effective parent, and the severe psychological damage suffered by Jenelle would continue unless she is permanently separated from her mother.

Appellant testified at length that she wanted to be reunited with her child at some point. She was unemployed at the time of the hearing, and the individual sessions with her counselor during the past 18 months had little or no impact on her. She blamed the authorities for Jenelle's problems.

I

■ Appellant argues that the proceedings should be set aside because the alleged father, Ronald B., was not properly notified. Appellant did not know the father's address. Ronald, who is listed as the father on the birth certificate, had left before the birth of the child and never contributed to Jenelle's upbringing. The Department of Social Services attempted to contact Ronald through his mother, Mary B., who lives in Pacifica. She reported that he was married with a young child, she did not know his address and had not heard from him for some time. But she indicated he telephones her occasionally and she would relay the information to him. During a subsequent conversation with Mary B., it was learned that she had spoken

with him and that he denied paternity. Based on this representation, the court dispensed with notice to Ronald.

Appellant contends that the county should have served notice by publication pursuant to Civil Code section 235. Appellant does not have standing to argue that the service of notice to Ronald was defective. Since she was not injured by the alleged error as to Ronald, she cannot urge this on appeal. (See generally, 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 246, p. 251.) In any event, we conclude that the department exercised reasonable diligence in attempting to notify the alleged father of the hearing, and under these circumstances it is highly unlikely that the child would have been placed with Ronald. The court's decision to dispense with notice to Ronald was proper.

## II

■ Appellant argues that the court did not acquire jurisdiction because it failed to order the minor to appear at the termination hearing. The presence, vel non, of the minor did not affect the court's jurisdiction over the minor since there was continuing jurisdiction as a result of the dependency proceedings. (Welf. & Inst. Code, § 301.) Civil Code section 234 provides that the person having custody of the minor should appear with the minor at the hearing, "except, if the minor is under the age of 10, upon order of the court after necessity being shown." The express policy is not to require the attendance of young children except in exceptional circumstances. At the time of the hearing, the minor was six and one-half years old. No necessity for her presence was shown by her mother. The record does not indicate that appellant subpoenaed the minor, or otherwise demanded or demonstrated a need to directly question the minor. In fact, the psychologist who treated the minor indicated that all steps should be taken to avoid the trauma which would surely result from any contact with the mother. The minor's presence at the hearing could have been very disturbing and traumatic to her. The mother has shown no justification which would outweigh this compelling concern.

■ Appellant also contends that the court committed reversible error in declining to appoint separate counsel for the minor. Civil Code section 237.5 provides that the court shall appoint counsel for the minor "[i]f [it] finds that the interests of the minor do require such protection . . . ." Here, the proceedings were instituted by the Department of Social Services specifically with the minor's welfare as the paramount consideration. The minor had been a dependent of the court for several years and she was undergoing counseling by two therapists. She was placed in a loving and nurturing foster home. The department was adequately protecting and re-

presenting the minor's interests: there is no suggestion that the department failed to take steps in furtherance of the minor's welfare. We conclude that the trial court did not abuse its discretion in deciding not to appoint independent counsel for the minor. (*In re Laura F.* (1983) 33 Cal.3d 826, 840 [191 Cal.Rptr. 464, 662 P.2d 922].)

## III

■ Appellant contends that the court erred in admitting the minor's hearsay statements that she had been molested. The minor did not testify, and the court relied on the reports from the various agencies and social service personnel in arriving at its decision to terminate parental rights. Since appellant did not object to the introduction of these reports at the hearing below, she cannot raise that objection for the first time on appeal. (Evid. Code, § 353, subd. (a).) More importantly, Civil Code section 233 expressly provides that the department shall investigate the circumstances underlying the petition and include this investigation in a report to the court along with a recommendation to be made in the best interests of the child. The court's review of these reports, which are required by statute, was obviously proper. (*In re Angelia P.* (1981) 28 Cal.3d 908, 925-926 [171 Cal.Rptr. 637, 623 P.2d 198].)

## IV

■ Appellant also contends that the evidence is insufficient to sustain the termination order. ■ The overriding concern in a termination proceeding is whether the return of the child to the parents would be in the best interests of that child. (Civ. Code, § 232; *In re Angelia P., supra,* 28 Cal.3d at pp. 916-917; see also *In re Laura F., supra,* 33 Cal.3d at p. 832.) The evidence must be "clear and convincing." (Civ. Code, § 232, subd. (c).) The trial court here found the evidence in support of the termination petition to be "overwhelming." ■ On appeal, we decide if there is substantial evidence to support the findings of the trial court. (*In re Laura F., supra,* at p. 833.)

■ Appellant failed to provide adequate care for the minor, and the parental neglect resulted in great emotional harm to Jenelle. Appellant has failed to take the necessary steps to overcome her serious financial and psychological problems, which were well documented. Despite the several resources made available to her, appellant has not changed her behavior or attitudes which led to the dependency proceeding. She has not found permanent employment and has been unable to hold down a job. Appellant continues to suffer from severe psychological problems which require intensive therapy. In the opinion of appellant's therapist, it is doubtful that

appellant will ever be able to provide the emotional stability needed to become an effective parent. The fact that appellant moved away from her boyfriend who molested the minor is not sufficient cause to warrant returning the minor to her. The measure of a parent's future potential is undoubtedly reflected in the past behavior with the child. (See *In re Laura F., supra*, 33 Cal.3d at p. 833.) The problems which contributed to this conduct and the mother's failure to protect the minor nonetheless remain. This record demonstrates an extreme case of detrimental parenting, and we find substantial evidence to support the trial court's order.

The judgment is affirmed.

King, J., and Haning, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 2, 1988.