209 Cal.App.3d 222 (1989)
257 Cal. Rptr. 52
In re LINDA W. et al., Minors, etc.
HUMBOLDT COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner and Respondent,
v.
CHRISTINE R., Objector and Appellant.
Docket No. A041144.
Court of Appeals of California, First District, Division Five.
March 31, 1989.
*224 COUNSEL
Sue Alexander for Objector and Appellant.
Robert D. Curiel, County Counsel, and William J. Losh, Jr., Deputy County Counsel, for Petitioner and Respondent.
OPINION
HANING, J.
Christine R. appeals from judgments declaring her three minor children free from parental custody and control pursuant to Civil Code section 232, subdivisions (a)(1) and (a)(7).[1] The minors were all adjudicated *225 dependent children of the juvenile court prior to January 1, 1989. (See Welf. & Inst. Code, § 366.26 [procedures applicable to minors adjudicated dependent children on or after January 1, 1989].) We conclude the matter must be reversed due to respondent's failure to prepare and submit to the court the written investigation report required by section 233.
Section 233 states, in part: "Upon the filing of the [section 232] petition, the clerk of the court shall, in accordance with the direction of the court, immediately notify the juvenile probation officer, or the county department designated by the board of supervisors to administer the public social services program, who shall immediately investigate the circumstances of the minor person and the circumstances which are alleged to bring the minor person within any of the provisions of Section 232. The juvenile probation officer or the county department shall render to the court a written report of the investigation with a recommendation to the court of the proper disposition to be made in the action in the best interests of the minor person. [¶] The report shall include all of the following: [¶] (a) A statement that the person making the report explained the nature of the legal action to end parental custody and control to the minor. [¶] (b) A statement of the minor's feelings and thoughts concerning the pending action. [¶] (c) A statement of the minor's attitude towards his or her parent or parents and particularly whether or not the minor would prefer living with his or her parent or parents. [¶ (d) A statement that the minor was informed of his or her right to attend the hearing on the petition and the minor's feelings concerning attending the hearing. The court shall receive the report in evidence and shall read and consider the contents thereof in rendering its judgment. [¶] (e) If the age, or the physical, emotional or other condition of the minor precludes his or her meaningful response to the explanations, inquiries, and information required by the provisions of subdivisions (a), (b), (c), and (d), a description of the condition shall satisfy the requirements of those subdivisions."
(1a) Respondent contends that when, as here, the action to terminate parental rights is filed by the county pursuant to section 232.9[2] rather than *226 section 233, an investigation and resulting probation report are not required. Respondent concedes the absence of any reported decisions supporting this proposition. In fact, the decisions involving termination of parental rights under section 232.9 reflect that section 233 reports were prepared and submitted. (In re Carmaleta B. (1978) 21 Cal.3d 482, 486 [146 Cal. Rptr. 623, 579 P.2d 514]; In re Marcos S. (1977) 73 Cal. App.3d 768, 773, 781-782 [140 Cal. Rptr. 912]; In re Rose G. (1976) 57 Cal. App.3d 406, 425 [129 Cal. Rptr. 338]; In re Helen J. (1973) 31 Cal. App.3d 238, 244-245 [107 Cal. Rptr. 106]; In re Eugene W. (1972) 29 Cal. App.3d 623, 632 [105 Cal. Rptr. 736]; County of San Diego v. Superior Court (1971) 20 Cal. App.3d 288, 291 [97 Cal. Rptr. 630].)
(2) Sections 232 and 233 were enacted in 1961 as part of a legislative scheme governing termination of parental custody and control of minors. "The termination of parental rights contemplated by section 232 is the ultimate sanction envisioned by the Legislature. It represents the total and irrevocable severance of the bond between parent and child. [Citations.]" (In re Elise K. (1982) 33 Cal.3d 138, 146 [187 Cal. Rptr. 483, 654 P.2d 253].) "The `fundamental interests' which are at stake are `ranked among the most basic of civil rights....' [Citations.]" (Ibid.) Before depriving parents of this fundamental interest, the state must afford them notice and an opportunity to be heard. (In re B.G. (1974) 11 Cal.3d 679, 688-689 [114 Cal. Rptr. 444, 523 P.2d 244].) Section 232 proceedings are usually appropriate only when adoption is contemplated. (In re Elise K., supra, 33 Cal.3d at p. 146.) Thus, it has long been recognized that the purpose of a section 232 action is to facilitate adoption of the minor child. (Ibid.) The overriding concern in a termination proceeding is whether return of the child to the parents would be in the best interests of the child, and the evidence supporting termination must be "clear and convincing." (In re Angelica P. (1981) 28 Cal.3d 908, 916-917 [171 Cal. Rptr. 637, 623 P.2d 198]; In re Jenelle C. (1987) 197 Cal. App.3d 813, 819 [243 Cal. Rptr. 89].)
(3) Section 233 ensures that an investigation will be conducted into the allegations of the petition and the present circumstances of the minors involved. It ensures that the minors have been apprised of the nature of the parental termination action, have made known their feelings about their parent(s) and how they feel about living with them. It is well established *227 that the written report required by section 233 is mandatory. (In re Angelica P., supra, 28 Cal.3d at p. 926; In re Jenelle C., supra, 197 Cal. App.3d at p. 819; In re Olivia A. (1986) 181 Cal. App.3d 237, 242 [226 Cal. Rptr. 382]; In re Maria V. (1985) 167 Cal. App.3d 1099, 1102, fn. 2 [213 Cal. Rptr. 733]; In re David C. (1984) 152 Cal. App.3d 1189, 1202 [200 Cal. Rptr. 115]; In re Jay R. (1983) 150 Cal. App.3d 251, 258 [197 Cal. Rptr. 672]; In re Robert J. (1982) 129 Cal. App.3d 894, 901-902 [181 Cal. Rptr. 188]; In re Heidi T. (1978) 87 Cal. App.3d 864, 875 [151 Cal. Rptr. 263].) Due process requires that each party receive a copy of the investigation report (In re George G. (1977) 68 Cal. App.3d 146, 156-157 [137 Cal. Rptr. 201]), and failure to conduct the required investigation and issue the written report is a proper ground for vacating an order terminating parental rights. (In re Olivia A., supra, at pp. 242-243.)
(4) In 1970 the Legislature enacted section 232.9 and stated its purpose as follows: "It is the intention of the Legislature in enacting this act to extend adoption services for the benefit of children residing in foster homes at public expense by facilitating legal actions required for adoption so that these children may be placed in adoptive homes where they will have the benefits of stability and security." (Stats. 1970, ch. 583, § 1, p. 1160.) (1b) The enactment of section 232.9 did not alter the requirements of section 233, but merely clarified the right of public or private agencies to initiate section 232 actions.
Section 232.9 specifically provides that the petitioning agency proceed under section 232, and also makes reference to section 233. It does not excuse or exempt such agencies from compliance with those statutes or any other legal requirement. (5) The Legislature is presumed to be aware of existing legislation (Estate of McDill (1975) 14 Cal.3d 831, 837 [122 Cal. Rptr. 754, 537 P.2d 874]; Blew v. Horner (1986) 187 Cal. App.3d 1380, 1388 [232 Cal. Rptr. 660]), as well as judicial interpretations thereof. (Palos Verdes Faculty Assn. v. Palos Verdes Unified Sch. Dist. (1978) 21 Cal.3d 650, 658-659 [147 Cal. Rptr. 359, 580 P.2d 1155].) (1c) Consequently, when it enacted section 232.9 with specific reference to sections 232 and 233, and made no changes with regard to the reports required, we can only conclude that section 232.9 does not modify or excuse compliance with section 233.
*228 The judgment is reversed and remanded for further proceedings consistent with this opinion.
Low, P.J., and King, J., concurred.
NOTES
[1] At the time of the hearing, section 232 provided, in relevant part: "(a) An action may be brought for the purpose of having any child under the age of 18 years declared free from the custody and control of either or both of his or her parents when the child comes within any of the following descriptions: [¶] (1) The child has been left without provision for the child's identification by his or her parent or parents or by others or has been left by both of his or her parents or his or her sole parent in the care and custody of another for a period of six months or by one parent in the care and custody of the other parent for a period of one year without any provision for the child's support, or without communication from the parent or parents, with the intent on the part of the parent or parents to abandon the child. The failure to provide identification, failure to provide support, or failure to communicate shall be presumptive evidence of the intent to abandon. If the parent or parents have made only token efforts to support or communicate with the child, the court may declare the child abandoned by the parent or parents. In those cases in which the child has been left without provision for the child's identification and the whereabouts of the parents are unknown, a petition may be filed after the 120th day following the discovery of the child and citation by publication may be commenced. The petition may not be heard until after the 180th day following the discovery of the child. [¶] ... [¶] (7) Who has been in out-of-home placement under the supervision of the juvenile court, the county welfare department, or other public or private licensed child-placing agency for a one-year period, if the court finds that return of the child to the child's parent or parents would be detrimental to the child and that the parent or parents have failed during that period, and are likely to fail in the future, to maintain an adequate parental relationship with the child, which includes providing both a home and care and control for the child."

Unless otherwise indicated, all further statutory references are to the Civil Code.
[2] Section 232.9 provides, in pertinent part: "The State Department of Social Services, a county welfare department, a licensed private or public adoption agency, a county adoption department, or a county probation department which is planning adoptive placement of a child with a licensed adoption agency, or the State Department of Social Services acting as an adoption agency in counties which are not served by a county adoption agency, may initiate an action under Section 232 to declare a child free from the custody and control of his parents. The fact that a child is in a foster care home ... shall not prevent the institution of such an action by any such agency or by a licensed adoption agency pursuant to Section 232. [¶] The county counsel or, if there is no county counsel, the district attorney of the county specified in Section 233 shall, in a proper case, institute the action upon the request of any of the state or county agencies mentioned herein. The action shall be instituted pursuant to Section 232 within 30 days of the request. [¶] If, at the time of the filing of a verified petition by any department or agency specified in this section, the child is in the custody of the petitioner, the petitioner may continue to have custody of the child pending the hearing on the petition unless the court, in its discretion, makes other orders regarding custody pending the hearing which it finds will best serve and protect the interest and welfare of the child."