[No. D031955. Fourth Dist., Div. One. May 11, 1999.]

In re JESSE C. et al., Persons Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,
Plaintiff and Respondent, v.
JESSE C. et al., Defendants and Appellants.

## COUNSEL

Alice C. Shotton, under appointment by the Court of Appeal, for Defendants and Appellants.

John J. Sansone, County Counsel, Susan Strom, Chief Deputy County Counsel, and Gary C. Seiser, Deputy County Counsel, for Plaintiff and Respondent.

## Opinion

**BENKE, Acting P. J.**—Welfare and Institutions Code[1] section 317, subdivision (c), requires in a dependency proceeding that counsel be appointed for the minor when it appears to the court such representation would benefit the child. Subdivision (d) of section 317 requires such representation continue until there is a substitution of counsel or counsel is relieved "for cause." In the present case counsel was appointed for the minors when the dependency petition was filed. Representation continued until the second postpermanency planning review hearing when, based on the fact adoption was imminent and on the representation by minors' attorney there were no current legal issues to be resolved, the court relieved counsel.

The issue is whether relieving counsel under such circumstances was proper. We conclude that it was.

### Background

On March 24, 1995, the San Diego County Health and Human Services Agency (Agency) filed section 300, subdivisions (b) and (j) petitions as to siblings Jesse C., age five, Yvette C., age three, and Timothy U., age one. The petitions alleged the failure of their mother to provide a suitable home.

At the detention hearing the Child Advocacy Division of the Public Defender's Office was appointed to represent the minors. The record does not contain a reporter's transcript for that hearing and the minute order contains no statement concerning why the trial court appointed counsel for the children. All three children were represented by the same attorney.

The trial court found a prima facie case supporting the petition, ordered the children removed from the custody of their mother and placed in an appropriate home. Agency was allowed to place the children in the home of a relative with the concurrence of the minors' counsel.

The social study prepared for the jurisdictional hearing related the unsanitary conditions in the home, the mother's relative youth and immaturity, and the fact her husband, the father of Timothy U., was in the Navy, had often been at sea, but would soon be discharged because of the use of drugs. The report noted the children were in generally good health and were developing normally. They were, however, unruly and difficult to control. The children had been placed together in a foster home that matched them ethnically and culturally. Both parents agreed intervention by Agency was necessary.

---

[1] All further statutory references are to the Welfare and Institutions Code.

The jurisdictional and dispositional hearings were held on July 6, 1995. The children were declared dependents, custody was removed from the parents and reunification services were ordered.

The dependency continued in due course. By the time of the review hearing in January 1996, the children were being represented by a new public defender. The two older children were in the same foster home. Timothy U. was in a separate home because of his need for specialized care. In general the children were doing well. Jesse and Yvette had been diagnosed as hyperactive and were on medication to help control their behavior. Both children's development was normal. Timothy was diagnosed with mild mental retardation. His special needs were being addressed. The parents were doing generally well in moving toward reunification.

At the six-month review hearing the children were continued as dependents, and reunification efforts were ordered to go forward.

The 12-month review hearing was held on July 10, 1996. The review report prepared for that hearing stated the children were doing well in their placements. The parents had continued with their reunification plan and wished the children returned to their home. The parents, however, seldom called the children and over the last several weeks had not kept visitation appointments. The report concluded the parents' efforts at reunification were mixed and recommended the reunification services be continued. The trial court made orders consistent with that recommendation.

The 18-month review hearing was held in September 1996. It had come to the attention of Agency that a domestic dispute occurred between the parents involving physical force. The parents had continued to miss visits with the children and unsupervised visits had not always been positive. Father had also tested positive on one occasion for marijuana. The parents indicated a desire to continue services and be reunited with their children. The parents were attempting to deal with problems that had arisen in the last several months. Agency recommended a 30-day continuance so reunification services could be put in place to deal with those problems. The trial court agreed and set the 18-month hearing for October 1996.

In an additional information report submitted in October, Agency indicated difficulty in locating the parents, who had been evicted from their apartment. Because of their financial difficulties they had been unable to continue with services and visitations. Agency requested a continuance of the 18-month review hearing. The court granted the request.

At the time of the eighteen-month review hearing, Jesse was seven years old, Yvette five and Timothy three. Agency noted the parents were now

living in a motel and had not followed through with reunification services or visitation. Agency recommended termination of reunification services and the setting of a section 366.26 termination of parental rights hearing.

The 18-month hearing was held on February 18, 1997. Reunification services were terminated and the matter was set for a termination hearing.

A report prepared for that hearing noted the parents now resided in Nevada. Jesse and Yvette remained in their foster home. Jesse continued to have behavioral difficulties and the foster mother was concerned that Yvette might be retarded. The foster mother stated she was willing to keep Yvette for long-term care but did not wish to keep Jesse on a long-term basis. Timothy was doing well in his foster home, and his foster family was willing to adopt him. Agency concluded that despite each having special needs, all three children were adoptable.

In June 1997, Agency reported Jesse and Yvette were removed from their foster home after allegations of abuse and were placed in a new foster home.

The termination hearing was held on July 24, 1997. At that time, parental rights were terminated.

A report dated January 26, 1998, prepared for the first postpermanency planning review hearing noted that while Jesse and Yvette had been cleared for adoption, an appropriate adoptive family had not yet been located. Timothy's foster family had applied to adopt him.

In a report dated July 20, 1998, Agency reported that Jesse and Yvette had been placed with an adoptive family on April 10, 1998. Timothy continued in his adoptive placement.

At the second postpermanency planning review hearing, held on July 21, 1998, the court noted the children were in stable placements. Minors' counsel reported the children were doing well in their placements and there were no current legal issues in need of resolution. The court relieved counsel for the minors, stating that counsel would be reappointed if necessary. The minors' counsel objected to being relieved, stating that while no current legal issues existed, adoption was not completed and the case was not at an end. The court stated if a need arose for the minors to be represented, it would reappoint the Child Advocacy Division of the Public Defender's Office to represent them. Counsel announced she would petition for a writ to overturn the court's order and requested a stay pending resolution of the issue. The court granted the stay.

On August 14, 1998, this court summarily denied the petition for writ of mandate. A notice of appeal was filed on September 14, 1998.

## DISCUSSION

■■■ The minors' attorney argues the trial court erred in relieving her from representing the children before the conclusion of the case. She notes that pursuant to section 317, subdivision (d), counsel for a minor, once appointed, must continue to represent the minor throughout the case unless relieved upon the appointment of other counsel or for cause. She notes the trial court purported to relieve her for cause. She argues "cause" in this context relates to the qualification of counsel to continue in representation and not to the issue of whether appointment of counsel continues to be of benefit to the minor. Since there was no issue concerning her ability to continue, any concern her representation was no longer of benefit to the children was a matter about which the court could not concern itself. It was error, she claims, for the court to relieve her.

While the issue in this case is when may a court relieve counsel for a minor in a dependency proceeding, a resolution of that question requires we first consider the circumstances under which counsel is appointed.

### A. *Appointment of Counsel*

The court may appoint counsel for parents and guardians when they desire representation but it appears they cannot afford it. Such appointment is required, unless knowingly and intelligently waived, when the minor has been placed in out-of-home care or if the petitioning agency is recommending such placement. (§ 317, subds. (a), (b).)

The appointment of legal representation for the child is required when "it appears to the court that the minor would benefit from the appointment of counsel." (§ 317, subd. (c).)

Thus, the appointment of counsel for *parents* is dependent merely on their desire for representation. The appointment of counsel for the child is based, rather, on the perception of the trial court that the minor would benefit from the appointment of counsel. As we will explain, this difference in the basis for appointment affects the basis for which the parent or minor's counsel may be legitimately relieved.

Minors' counsel argues the issue is one of law. ■■■ Once the trial court determines a minor would benefit from the appointment of counsel, an

appointment is required. The determination of whether such an appointment would be beneficial, however, is clearly a matter within the sound discretion of the trial court. Whether a child would benefit from the appointment of counsel is a complex question best answered by a decisionmaker familiar with both the particular circumstances of a case and the legal and social issues associated with dependency law. It would be destructively presumptuous for us to substitute our judgment for that of the trial judge or referee. (See *In re Mario C.* (1990) 226 Cal.App.3d 599, 606 [276 Cal.Rptr. 548]; *In re Jenelle C.* (1987) 197 Cal.App.3d 813, 818-819 [243 Cal.Rptr. 89] [both dealing with a similar provision (former Civ. Code, § 237.5, now Fam. Code, § 7861) for the appointment of counsel in actions to terminate parental custody and control under former Civ. Code, § 232 et seq. (now Fam. Code, § 7800 et seq.)]; see also *In re Richard E.* (1978) 21 Cal.3d 349, 353-354 [146 Cal.Rptr. 604, 579 P.2d 495]; *In re Dunlap* (1976) 62 Cal.App.3d 428, 438 [133 Cal.Rptr. 310] [also dealing with former Civ. Code, § 237.5]; *Wendland* v. *Superior Court* (1996) 49 Cal.App.4th 44, 50 [56 Cal.Rptr.2d 595] [dealing with a similar appointment of counsel provision in Prob. Code, § 1471, subd. (b)].)[2]

Understandably, section 317, subdivision (c), provides no specific guidelines for when a minor will benefit from the appointment of counsel. The possible situations that face a trial court in deciding that issue are so varied, only the most general guidance can be provided. The competing core considerations are, on the one hand, that the very purpose of a dependency proceeding is to do what is in the best interests of the minor. (§ 202, subd. (b).) To that end, the court, Agency, its attorney, the particular social workers and possibly, if appointed, a CASA (court appointed special advocate) volunteer (§ 356.5; Cal. Rules of Court, rule 1424) are all charged with acting in the child's best interest. On the other hand, because fundamental legal interests are involved, particular problems may exist such that it would be beneficial to all for the minor to be represented by counsel.

Speaking in the context of an action to free a child from the custody and control of a parent under former Civil Code section 232, our Supreme Court

---

[2]Family Code section 7800 et seq. now deals with freeing children from the custody and control of parents. Family Code section 7861 states: "The court shall consider whether the interests of the child require the appointment of counsel. If the court finds that the interests of the child require representation by counsel, the court shall appoint counsel to represent the child, whether or not the child is able to afford counsel."

Probate Code section 1471, subdivision (b), states in part: "If a conservatee or proposed conservatee does not plan to retain legal counsel and has not requested the court to appoint legal counsel, whether or not such person lacks or appears to lack legal capacity, the court shall . . . appoint [counsel] to represent the interests of such person . . . if, based on information [known to the court, the court] determines that the appointment would be helpful to the resolution of the matter or is necessary to protect the interests of the conservatee."

stated: "Thus, the issue at a hearing is whether a parent is fit to raise the child. To that end are directed all the arguments of opposing parties, parents claiming they are fit and petitioners claiming otherwise, and with each side generally contending it is protecting the best interest of the child. It is thus likely that in a particular case the court will be fully advised of matters affecting the minor's best interests, and little assistance may be expected from independent counsel for the minor in furtherance of his client's or the court's interests. However, when the court finds a child has separate interests not protected in the contest between parents and a petitioner, the court must exercise its discretion by appointing separate counsel." (*In re Richard E., supra,* 21 Cal.3d at p. 354.)

The court went on to state that while a trial court possesses broad discretion in the matter, "appointment of counsel is nevertheless required in the absence of an affirmative showing the minor's interests would otherwise be protected." (*In re Richard E., supra,* 21 Cal.3d at p. 354.)

The court concluded: "Thus, in absence of a showing on the issue of the need for the independent counsel for a minor, failure to appoint constitutes error. However, this is not to say a court must always exercise its discretion in favor of appointing counsel. The court possesses broad discretion in determining need for counsel, and exercise of that discretion will not be disturbed on appeal except for manifest abuse." (*In re Richard E., supra,* 21 Cal.3d at pp. 354-355.)[3]

[3] A trial court may appoint counsel for a minor in a dependency proceeding if it concludes the minor would benefit from such appointment. That determination is a complex one that rests in the sound discretion of the trial court. The determination is made based on a balancing of the general goals of dependency law, the extensive nonlegal resources available to protect the interest of the child and the particular circumstances of the case.

## B. *Relieving Appointed Counsel*

 Appellants argue once counsel is appointed for the minor pursuant to section 317, subdivision (c), such representation must continue until,

---

[3]Guidelines for the appointment of counsel for minors in dependency cases have been provided in local court rules. Rule 17.16(b)(2)a of the Superior Court of Los Angeles County Rules of the dealing with dependency proceeding states in part: "At the arraignment and detention hearing, the court shall first determine whether a child would benefit from the appointment of counsel. A child four years of age or older, or a child of any age with special needs, or a child who is in an out-of-home placement with a non-relative caretaker, will generally benefit from the appointment of counsel." "Such appointment shall be made as soon in the dependency case as it is determined that the child would benefit from such counsel." (Super. Ct. L.A. County Rules, rule 17.16(b)(1).)

Since it is unnecessary we do so, we take no position on this rule's relatively expansive statement of when counsel is of benefit to a minor in a dependency proceeding.

pursuant to section 317, subdivision (d), there is a substitution of counsel or until counsel is removed "for cause." Appellants argue in this context "for cause" refers solely to counsel's ability to continue and has nothing to do with whether such representation remains beneficial. We disagree.

Section 317, subdivision (d), uses the same words to describe when counsel for both parents and minors may be relieved. The difficulty is that while the appointment of attorneys for parents is dependent solely on their desire to be represented, the appointment of counsel for a minor is dependent on the trial court concluding an appointment of counsel would be beneficial. Given that fact, it is logical to conclude the conditions for the relieving each should also be different.

In *In re Tanya H.* (1993) 17 Cal.App.4th 825 [21 Cal.Rptr.2d 503], the court discussed the application of section 317, subdivision (d), to relieving parents' counsel. In *Tanya H.* the court dealt with a local court policy, driven by financial concerns, that required parents' counsel be relieved following the first permanent plan review hearing unless counsel showed good cause not to be relieved. (*Id.* at pp. 827-828.)

The court concluded such a policy violated section 317 since the section unambiguously requires counsel, once appointed for parents, remain on the case for all subsequent proceedings. In dicta the court noted the section did not define "good cause." It stated, however, that since appointment of counsel was required if a parent desired it and was to continue through all proceedings, "good cause" could only refer to "some good reason personal to the individual sought to be removed [citation], one which affects or concerns the ability or fitness of the appointee to perform the duty imposed on him [citations] . . . ." (*In re Tanya H., supra*, 17 Cal.App.4th at p. 831, fn. 5.)

In two cases, *In re Malcolm D.* (1996) 42 Cal.App.4th 904, 915-916 [50 Cal.Rptr.2d 148], and *In re Ronald R.* (1995) 37 Cal.App.4th 1186, 1192-1195 [44 Cal.Rptr.2d 22], the Fifth District followed *Tanya H.* In each case, the court concluded the mere inability of parents' counsel to reach or maintain contact with their clients was not good cause to terminate an appointment since it was not a circumstance relating to counsel's availability or fitness.

In *Janet O.* v. *Superior Court* (1996) 42 Cal.App.4th 1058 [50 Cal.Rptr.2d 57], the court took a different view. It applied *Tanya H.* to a situation in which parents' counsel was relieved based on the trial court's conclusion they had lost interest in the proceedings and no longer desired counsel.

Noting that a condition under section 317, subdivisions (a) and (b), for the appointment of counsel for parents was their desire for representation, the court stated: "To construe the section's language as prohibiting the court from relieving counsel where, as here, the evidence indicates the parents no longer desire representation, would scuttle the purpose of the statute which is to provide counsel only to those parents who desire representation and are financially unable to afford counsel." (42 Cal.App.4th at p. 1064.)

The court in *Janet O.* concluded the reasoning of *Tanya H.* should be confined to its facts. In *Tanya H.* the parents maintained an interest in the proceedings and desired representation continue. In *Janet O.* the parents no longer were interested in the proceedings or their children. The court stated: "Under these circumstances, the juvenile court not only is permitted to, but should, revisit the issue of whether a parent continues to *desire* representation." (*Janet O.* v. *Superior Court, supra,* 42 Cal.App.4th at p. 1065, italics added.)[4]

We conclude *Janet O.* was correctly decided and its reasoning readily applicable to the relieving of minor's counsel under section 317, subdivision (d). The power of the trial court to appointment counsel for a minor pursuant to section 317, subdivision (c), is dependent on a finding such appointment would benefit the child. We suspect that even in the absence of section 317, subdivision (d), a court would have the inherent power to terminate an appointment of counsel if it later determined that conditions requiring appointment either never did exist or no longer exist.[5]

We conclude there is good cause within the meaning of section 317, subdivision (d), to relieve counsel for a minor when the trial court finds such representation no longer beneficial to the child. The matter is, of course, one within the sound discretion of the trial court since the issue is one requiring

---

[4]The court in *Janet O.* went on to find that since the parents had been out of contact with their attorneys for over a year, counsel was, in the *Tanya H.* sense, unable to perform their duties and could be relieved for "cause." (*Janet O.* v. *Superior Court, supra,* 42 Cal.App.4th at pp. 1065-1066.)

[5]We have reviewed the legislative history of section 317. While the matter is not entirely clear, it appears section 317, subdivision (d)'s language supporting the continuity of representation was designed to deal with the problem that counsel was often appointed and then relieved and different counsel unfamiliar with the case appointed for later hearings. (See Legis. Analyst, Analysis of Sen. Bill No. 243 (1987-1988 Reg. Sess.) as amended May 26, 1987, p. 2.; Sen. Rules Com., Of. of Sen. Floor Analyses, Analysis of Sen. Bill No. 243 (1987-1988 Reg. Sess.) as amended May 26, 1987, p. 2; Assem. Com. on Human Services and Assem. Com. on Judiciary, Republican Analysis of Sen. Bill No. 243 (1987-1988 Reg. Sess.) propose amend., p. 1; letter from Sen. Robert Presley to Governor Deukmejian (Sept. 17, 1987) regarding Sen. Bill No. 243 (1987-1988 Reg. Sess.) p. 2 [available at Cal. State Archives].)

particular knowledge of the case and knowledge and experience with the dependency system.

In the present case, by the time of the second postpermanency review hearing, the children were in stable adoptive placements, their counsel reported there were no current legal issues and, while protesting the termination of her appointment to represent the children, offered no reason why continued representation would be beneficial to them. The trial court did not abuse its discretion in relieving the minors' attorney.

█ Appellants also argue the trial court erred in failing to give notice to minors that a termination of the appointment of counsel would be considered at the second post-permanency planning review hearing. We agree. The trial court was required to give notice that it was contemplating relieving minors' counsel. (See *Janet O.* v. *Superior Court, supra,* 42 Cal.App.4th at pp. 1066-1067.) There was, however, no indication minors' counsel was surprised by the issue. Counsel did not object on the basis of a lack of notice and we conclude the issue has been waived. (See *In re Cynthia C.* (1997) 58 Cal.App.4th 1479, 1491 [69 Cal.Rptr.2d 1].)

The court's order relieving counsel is affirmed.

Haller, J., and McDonald, J., concurred.

A petition for a rehearing was denied June 7, 1999, and appellants' petition for review by the Supreme Court was denied August 11, 1999. Mosk, J., was of the opinion that the petition should be granted.